IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Plaintiff,<br>　vs.<br>HARJIT BHAMBRA,<br>　　　　Defendant.<br>_____/ | No. CIV S-10-0333 LKK DAD PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Defendant Harjit Bhambra, proceeding pro se, has filed a motion for removal of a state criminal prosecution from Nevada County Superior Court. Defendant has paid the filing fee required for a federal civil action, and this case has been opened as a civil case. Defendant has also filed a motion to relate this case to <u>Harjit Bhambra v. County of Nevada, et al.</u>, case No. CIV S-09-3124 JAM EFB PS (E.D. Cal.). The proceeding has been referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

　　　　Defendant seeks to remove his state criminal action on the basis of a "federal and constitutional question." He cites 28 U.S.C. §§ 1331, 1441(a), and 1446(a). Defendant complains that the district attorney for Nevada County is "prosecuting United States citizens without ever taking, signing or subscribing the constitutional Oath of Office" and that, "once defendant uncover[ed] the corruption and filing of the false documents, the District Attorney and

1

state judges conspired against defendants and wilfully filed false and untrue documents with governmental offices to support each other's scheme, therefore the Federal and State constitutions are being overthrown in Nevada County by violating the federally protected rights of United States citizens." Mot. (Doc. No. 2) at 2. Defendant alleges further that (1) after he uncovered the district attorney's failure to take the oath of office, he was falsely imprisoned in Nevada County for 60 days by the Nevada County Sheriff, (2) the judge presiding over defendant's criminal case altered his own oath of office and submitted it to the Nevada County Recorder's Office "for improper purpose," and (3) other officials involved in defendant's criminal case, including the California Highway Patrol officer who issued the ticket, a deputy district attorney, another judge, and two Probation Department employees, had not been sworn in to their offices. Id. at 2-3. Defendant cites California Government Code sections 1360-69 in support of his contention that the district attorney had no authority to issue an arrest warrant and prosecute defendant without having taken his oath of office.

Defendant's motion and exhibits reveal that in 2007 defendant was arrested, tried, and convicted of the felony of having a blank, incomplete, canceled, suspended, revoked, altered, forged, counterfeit, and false temporary vehicle registration in his car and attempted to pass it off as a true and genuine registration. Defendant contends that his entire criminal case is null and void because of the failure of the district attorney and other Nevada County officials and employees to take the oath of office and that Nevada County officials are now prosecuting him for alleged probation violations in retaliation for his having uncovered corruption in Nevada County. Defendant seeks removal of his case to federal court for further proceedings and urges this court to order Nevada County officials to produce their credentials and demonstrate what authority they had to prosecute defendant in 2007.

This court's jurisdiction over defendant's state criminal action depends on whether defendant has complied with the removal statutes applicable to criminal prosecutions. See Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006) ("In cases

removed from state court, the removing defendant has 'always' borne the burden of establishing federal jurisdiction. . . ."); Westinghouse Elec. Corp. v. Newman & Holtzinger, 992 F.2d 932, 934 (9th Cir. 1993) ("The party seeking removal has the burden of establishing federal jurisdiction . . . ."). Courts strictly construe the removal statutes against removal jurisdiction, and any doubt as to the right of removal must be resolved in favor of remand. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Conclusory allegations of jurisdictional facts will not suffice, and a removed case should be remanded by the district court if the removing party fails to establish the necessary jurisdictional facts by a preponderance of evidence. Gaus, 980 F.2d at 567; Beaver v. NPC Int'l, 451 F. Supp. 2d 1196, 1198 (D. Or. 2006); Bosinger v. Phillips Plastics Corp., 57 F. Supp. 2d 986, 988-89 (S.D. Cal. 1999).

The notice of removal of a criminal prosecution "shall include all grounds for such removal." 28 U.S.C. § 1446(c)(2). Failure to state any ground which exists at the time of the filing of the notice constitutes a waiver of such ground. Id. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

Here, defendant has filed his motion for removal under the authority of 28 U.S.C. §§ 1441(a) and 1446(a). However, § 1441(a) applies only to civil actions that were brought in a state court, and § 1446, titled "Procedure for removal," contains only procedural provisions. Thus, neither of the removal provisions cited by defendant provides authority for removal of his criminal case to federal court. Defendant's reliance on 28 U.S.C. § 1331 is also misplaced because this statute, titled "Federal question," provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendant does not seek to remove a civil action arising under the United States Constitution or any federal law or treaty.

/////

The removal statutes provide for the removal of state criminal prosecutions only in limited circumstances.

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. A case may be removed under § 1443(1) only where a two-pronged test is met. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" Id. (quoting Rachel, 384 U.S. at 803). In general, there must be a state law or constitutional provision that denies the defendant an opportunity to raise a federal right in his state criminal proceeding. Id. (citing Rachel, 384 U.S. at 803).

The ground for removal of a state criminal prosecution to federal court under § 1443(1) is "both specific and extremely narrow." Davis v. Superior Court, 464 F.2d 1272, 1273 (9th Cir. 1972). Removal under this provision "is proper *only* if the petitioner asserts, 'as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights.'" Id. at 1272 (quoting People of State of California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)). In Davis, the defendant had been charged with violating statutes that made it criminal for a convicted felon to own or possess a concealable firearm, or to carry such a firearm in a vehicle on a public street. Id. The Ninth Circuit found

that Davis' only claim in support of removal was that his prior convictions were "invalid for various specific reasons, none remotely related to the protection of equal racial civil rights." Id.

Here, defendant Bhambra was charged on February 8, 2007, with violating a statute that makes it a felony to unlawfully have in one's possession a blank, incomplete, canceled, suspended, revoked, altered, forged, counterfeit, and false temporary registration, issued and purported to be issued by the California Department of Motor Vehicles, and to utter, publish, pass, and attempt to pass that registration as true and genuine, knowing it to be false, altered, forged, and counterfeited with the intent to prejudice, damage, and defraud the State of California. Cal. Penal Code section 4463(a)(2). Defendant Bhambra was also charged with the infraction of unlawfully operating a commercial motor vehicle in excess of its registered declared gross or combined gross vehicle weights. Cal. Vehicle Code section 4000.6(d). See Mot. for Removal, Ex. A. Defendant was convicted of a felony violation of section 4463(a)(2) and was placed on probation for a period of three years. Id.

Defendant's motion for removal demonstrates that he did not assert and does not seek to assert as a defense to his state criminal prosecution any right under a statute that explicitly protects equal racial civil rights. Defendant was charged with crimes that are not the subject of protection by any civil rights legislation, and defendant has not alleged or argued that his state criminal prosecution denied him vindication of any statute protecting equal racial civil rights, that he has been denied equal racial civil rights, or that he cannot enforce such rights in the state courts. Nor does defendant claim that he was prosecuted for acting pursuant to a law providing for equal rights or for refusing to act in a manner inconsistent with a law providing for equal rights, as required for removal pursuant to 28 U.S.C. § 1443(2). Instead, defendant seeks only to enforce state law provisions regarding oaths of office, a purpose unrelated to equal rights.

Moreover, defendant's motion for removal of his state criminal case to federal court is untimely. "A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is

earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1446(c)(1). Defendant did not file a timely notice of removal in 2007 and has not shown good cause for leave to file such a notice out of time.

For the reasons set forth above, IT IS RECOMMENDED that:

1. Defendant's February 9, 2010 motion for removal (Doc. No. 2) be denied;

2. Defendant's February 9, 2010 motion to relate cases (Doc. No. 3) be denied;

3. Defendant's state court criminal action be remanded to Nevada County Superior Court; and

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** days after being served with these findings and recommendations, defendant shall file any objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\bhambra0333.f&r.remand